James L. Kerwin (CO Bar No. 57545)*
William E. Trachman (CA Bar No. 261410)
Grady J. Block (CO Bar No. 55085)*
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile: (303) 292-1980
jkerwin@mslegal.org
wtrachman@mslegal.org
gblock@mslegal.org
* Admitted *Pro Hac Vice*

Alexander Haberbush (CA Bar No. 330368)
LEX REX INSTITUTE
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
ahaberbush@lexrex.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YOUNG AMERICA'S FOUNDATION; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GENE D. BLOCK, *et al.*, <br><br> Defendants. | No. 2:24−cv−8507 ODW (AGRx) <br><br> **JOINT STIPULATION FOR ENTRY OF FINAL JUDGMENT** <br><br> Hon. Otis D. Wright II |

MATTHEW R. COWAN (S.B. #281114)
mcowan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

MEAGHAN VERGOW (*pro hac vice*)
mvergow@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

ANTON METLITSKY (*pro hac vice*)
ametlitsky@omm.com
JENNIFER SOKOLER (*pro hac vice*)
jsokoler@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants*

Plaintiffs Young America's Foundation, Brooke Broll, and Macy Roepke (together, "plaintiffs") and defendants Gene D. Block, Former Chancellor, University of California, Los Angeles, in his personal capacity, Darnell Hunt, Interim Chancellor, University of California, Los Angeles, in his personal and official capacities, Michael S. Levine, Interim Executive Vice Chancellor and Provost, University of California, Los Angeles, in his personal and official capacities, Michael Beck, Administrative Vice Chancellor, University of California, Los Angeles, in his personal and official capacities, Monroe Gorden, Jr., Vice Chancellor, University of California, Los Angeles, in his personal and official capacities, Mick Deluca, Associate Vice Chancellor, University of California, Los Angeles, in his personal and official capacities, Mike Cohn, Director, Student Organizations, Leadership & Engagement, University of California, Los Angeles, in his personal and official capacities, Jasmine Rush, Dean of Students, University of California, Los Angeles, in her personal and official capacities, and Rick Braziel, Assistant Vice Chancellor, University of California, Los Angeles, in his personal and official capacities (collectively, "defendants"), by and through their respective attorneys, hereby stipulate and respectfully

request that the [Proposed] Final Judgment, attached hereto as Exhibit A, be entered in favor of defendants and against plaintiffs as follows:

1. This lawsuit arises from efforts by plaintiffs to organize and host speaking events on the University of California, Los Angeles ("UCLA") campus. Defendants are UCLA administrators. Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 based on allegations that defendants violated the First Amendment by engaging in viewpoint discrimination against plaintiffs' speech. Plaintiffs also alleged that defendants' policies governing on-campus events were facially unconstitutional.

2. Plaintiffs bring the following claims:

   a. <u>First Cause of Action – Viewpoint Discrimination</u>: Plaintiffs claim that defendants discriminate against pro-Israel and conservative points of view, including by effectively cancelling a pro-Israel speaking event organized by plaintiffs in the spring of 2024, because of disagreement with plaintiffs' views. Plaintiffs seek damages, injunctive relief, and declaratory relief.

   b. <u>Second Cause of Action – Hecklers' Veto</u>: Plaintiffs claim that defendants engage in viewpoint discrimination by

acceding to the demands of "shout down" protests against pro-Israel and conservative speakers, including by effectively cancelling a pro-Israel speaking event organized by plaintiffs in the spring of 2024. Plaintiffs seek damages, injunctive relief, and declaratory relief.

  c. <u>Third Cause of Action – Facial Challenge</u>: Plaintiffs alleged that defendants' Interim Policy 862, which was in effect at the time the complaint was filed and which governed certain campus speaking events, was facially unconstitutional in that it contained: (1) an annual cap on spending to address security concerns created by shout down protests; and (2) an overbroad delegation of authority to impose security measures that burden speech without definite and objective standards governing such measures. Plaintiffs sought injunctive relief on this cause of action.

3. Defendants moved to dismiss all claims, ECF No. 49, and plaintiffs opposed, ECF No. 54. On August 11, 2025, the Court granted in part and denied in part defendants' motion as follows:

  a. <u>First Cause of Action</u>: Dismissed for failure to state a

claim upon which relief can be granted, with leave to amend within twenty-one days. ECF No. 60 at 22. As plaintiffs did not amend this claim within twenty-one days, the dismissal was *with prejudice* as of September 1, 2025. *Id.* at 23.

    b.    <u>Second Cause of Action</u>: Dismissed for failure to state a claim upon which relief can be granted. *Id.* at 11-15, 22. The dismissal was *with prejudice*. *Id.*[1]

    c.    <u>Third Cause of Action</u>:

        i.    The Court dismissed plaintiffs' challenge to the annual cap on spending on the ground that plaintiffs lacked standing to bring the claim. *Id.* at 18, 23. The court granted leave to amend within twenty-one days. *Id.* at 23. As plaintiffs did not amend this claim within twenty-one days, the dismissal was *with prejudice* as of September 1, 2025.

---

[1] The Court further stated that "[t]o the extent Plaintiffs raise a facial challenge to . . . Interim Policy 862 within their second cause of action, the Court considers this challenge identical to Plaintiffs' third cause of action for injunctive relief and addresses those together." ECF No. 60 at 15 n.5. As noted *infra*, the Court granted in part and denied in part defendants' motion with respect to the Third Cause of Action.

*Id.* at 23.[2]

        ii.      The Court denied defendants' motion to dismiss the Third Cause of Action to the extent it challenged as overbroad the delegation of authority set forth in Interim Policy 862 to impose security measures in response to shout down protests against speech. *Id.* at 18-22.

4.    As a result, all claims in this matter have been dismissed with prejudice save for plaintiffs' facial challenge to Interim Policy 862 on the ground that the Policy allegedly delegated unbridled discretion to impose security measures that burdened speech without objective and definite criteria.

5.    On September 19, 2025, UCLA completed the public review period on Interim Policy 862, which resulted in a revised version of that Policy. *See* UCLA Policy 862: Major Events (Eff. Sept. 19, 2025), *available at* https://www.adminpolicies.ucla.edu/pdf/862.pdf (last visited Sept. 29, 2025). The new rules modify UCLA's procedures for imposing

---

[2] As noted below, on September 19, 2025, defendants' published new rules governing campus speaking events. *See infra* ¶ 5. The new rules eliminate the annual spending cap.

security measures to address concerns caused by shout down protests, among other things.

6. Given UCLA's new rules, plaintiffs have determined that it is not practicable to continue litigating the facial challenge to the prior rules as set forth in plaintiffs' Third Cause of Action.

7. Plaintiffs intend to appeal the Court's rulings dismissing their First and Second Causes of Action.

8. Accordingly, the parties have agreed to enter into a stipulated final judgment disposing of the sole remaining claim in the action with prejudice, in order to allow for an immediate appeal of the Court's rulings on the First and Second Causes of Action. This stipulation is expressly subject to a preservation of plaintiffs' right to appeal the Court's rulings dismissing plaintiffs' First and Second Causes of Action.

9. The parties agree that this stipulation fully and finally adjudicates all causes of action asserted in this case, such that the case will have been fully and finally adjudicated upon entry of the [Proposed] Final Judgment.

10. Accordingly, the parties hereby stipulate to and jointly

request that this Court immediately enter the [Proposed] Final Judgment attached hereto as Exhibit A.

**IT IS SO STIPULATED**

DATED September 30, 2025        MOUNTAIN STATES LEGAL FOUNDATION

By: */s/ James Kerwin*
        James L. Kerwin

*Attorneys for Plaintiffs*

DATED September 30, 2025        O'MELVENY & MEYERS, LLP

By: */s/ Matthew R. Cowan*
        Matthew R. Cowan

*Attorneys for Defendants*